IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL VALENTEEN,**

        Petitioner,

v.                                    Civil Action No. 1:08CV89
                                              (Judge Keeley)

**JOE D. DRIVER,**
**Warden USP - Hazelton,**

        Respondent,

               **ORDER ADOPTING REPORT AND RECOMMENDATION**
                   **AND DISMISSING MOTIONS TO TRANSFER**

    On March 13, 2008, while an inmate at USP-Hazelton, pro se petitioner Michael Valenteen ("Valenteen") filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 seeking dismissal or expungement of a disciplinary action taken against him while he was housed at USP-Canaan in Waymart, Pennsylvania. Valenteen also filed a Motion to Transfer and a Motion to Stay Retaliatory Transfer. The Respondent filed a Motion to Dismiss or for Summary Judgment.

    This Court referred Valenteen's petition to United States Magistrate Judge James E. Seibert for initial screening and a Report and Recommendation ("R&R") in accordance with Local Rule of Prisoner Litigation 83.09. On September 8, 2008, Magistrate Judge Seibert issued an R&R recommending that Valenteen's § 2241 petition be denied and the case dismissed with prejudice. Magistrate Judge Seibert also recommended that Valenteen's Motion to Transfer be

dismissed as moot, and that his Motion to Stay Retaliatory Transfer be denied.

On October 7, 2008, Valenteen filed a second Motion to Transfer, and, after receiving an extension of time, timely filed objections to the R&R on October 31, 2008.

After conducting a de novo review, the Court finds that Valenteen's objections are without merit. It therefore **GRANTS** the respondent's Motion to Dismiss (dkt. no. 10) and **DENIES** and **DISMISSES WITH PREJUDICE** petitioner's § 2241 petition (dkt. no. 1). Furthermore, for the reasons discussed below, this Court **DISMISSES WITHOUT PREJUDICE** petitioner's motions requesting transfer or stay of retaliatory transfer (dkt. nos. 8, 17, and 21) for lack of jurisdiction.

## I. BACKGROUND

Valenteen's § 2241 petition alleges that, while he was housed at USP-Canaan, the Bureau of Prisons violated his due process rights when it found him guilty of Code Violation 219 (stealing) without any "independent evidence" of his guilt. Furthermore, it sanctioned him with loss of good time credits and conduct credits, raised his security level, and transferred him to USP-Hazelton. He seeks an expungement of the incident report that documents his

actions, which would restore his status to the security level he previously enjoyed.

In his petitions, Valenteen also claims that the sanctions imposed on him by the Bureau of Prisons ("BOP") were extreme. Specifically, he claims that the BOP inappropriately changed his security level to maximum security in retaliation for filing his grievances. He also claims that the staff of USP-Canaan penalized him for seeking relief in the courts. Finally, he claims he was treated unfairly in comparison to other prisoners.

Separately, Valenteen filed a Motion to Transfer on May 1, 2008, a Motion to Stay Retaliatory Transfer on July 31, 2008, and another Motion to Transfer on October 7, 2008.

## II. MAGISTRATE JUDGE SEIBERT'S R&R

In his R&R, Magistrate Judge Seibert recommended that Valenteen's § 2241 petition be denied and dismissed with prejudice because the BOP afforded Valenteen all the due process required under Wolff v. McDonnell, 418 U.S. 539 (1974). Magistrate Judge Seibert also found that the sanctions imposed on Valenteen were not extreme.

As for Valenteen's various other motions, Magistrate Judge Seibert recommended that his May 1, 2008 Motion to Transfer be

dismissed as moot because the BOP had transferred Valenteen to FCI-Butner. He also recommended denying Valenteen's July 31, 2008 Motion to Stay Transfer because the BOP has authority to transfer prisoners to any available penal or correctional facility that meets minimum standards of health and habitability.

Magistrate Judge Seibert did not consider Valenteen's October 31, 2008 Motion to Transfer, which was filed subsequent to the issuance of the R&R.

### III. VALENTEEN'S OBJECTIONS TO THE R&R

Valenteen objects to Magistrate Judge Seibert's conclusion that he received due process and again argues that there is insufficient evidence of his guilt. Furthermore, he objects to the conclusion that the sanctions the Bureau of Prisons imposed were not extreme; he also argues that he has been treated unfairly in comparison to other inmates.

### IV. DE NOVO REVIEW

A § 2241 petition is used to attack the manner in which a sentence is executed. See 28 U.S.C. § 2241. More specifically, a § 2241 petition is appropriate where a prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement. See Presier v. Rodriguez, 411 U.S. 475, 499-500

4

(1973). For example, a challenge to a disciplinary proceeding resulting in loss of good time credit is an appropriate challenge under § 2241. See McClung v. Hollingsworth, 2007 WL 1225946 (4th Cir. April 26, 2007) (unpublished)(affirming district court's dismissal of prisoner's § 2241 Petition seeking review of a disciplinary proceeding that resulted in loss of good time credit). However, challenges to a condition of confinement, such as the BOP's security rating of an inmate or the inmate's facility designation, are considered civil rights action that are properly challenged pursuant to 42 U.S.C. § 1983 and are not appropriate under § 2241. See Preiser, 411 U.S. at 500.

**A.**

After a de novo review, this Court agrees with the analysis contained in the R&R and grants the motion to dismiss.

Prisoners subject to disciplinary proceedings do not enjoy the same due process rights as criminal defendants. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Specifically, due process in prisoner disciplinary proceedings requires prison officials to: (1) give the prisoner written notice of the charges against him at least 24 hours before he appears for the disciplinary hearing; (2) give the prisoner a written statement by the fact-finders as to the

evidence relied on and the reasons for the disciplinary action; (3) allow the prisoner to call witnesses and present documentary evidence in his defense, when this will not be an undue hazard to institutional safety or correctional goals; (4) allow a prisoner who is illiterate or otherwise unable to collect and present evidence to be aided by a fellow prisoner, staff member, or competent inmate designated by the staff; and (5) provide impartial fact-finders. Id. at 563-72.

Valenteen received due process as required by Wolff. First, he received written notice of the charges at least 24 hours before the Disciplinary Hearing Officer ("DHO") hearing because he received a copy of the incident report on April 25, 2007 and the DHO hearing did not occur until May 1, 2007.

Second, Valenteen was given a written statement by the DHO regarding the evidence relied on and the reasons for the disciplinary action. The May 7, 2007 report indicates that the specific evidence relied on by the DHO included the reporting officer's statement in the incident report and Valenteen's testimony in response to questioning. Furthermore, the report explains that Valenteen was disciplined because stealing creates the potential for conflict and will not be tolerated. Third, he

6

was advised of his right to call witnesses and present documentary evidence, neither of which he did.  Fourth, Valenteen waived his right to a staff representative.  Finally, he was provided an impartial decision-maker because the DHO did not act as the reporting official, investigating officer, UDC member, or witness, and did not play a role in referring the charges.  See 28 C.F.R. § 541.16(b).

Not only did the BOP satisfy the due process requirements of Wolff, it also relied on sufficient evidence to support its finding that Valenteen did violate Code 219.  "The requirements of due process are satisfied if **some** evidence supports the decision by the prison disciplinary board to revoke good time credits." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985) (emphasis added).  More specifically, the relevant question is "whether there is **any** evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56 (emphasis added).

Although Valenteen has repeatedly argued that the DHO based its disciplinary decision on "no" evidence, it is clear that the DHO relied on "some" evidence to reach its decision. Specifically, the DHO relied on the investigation, Valenteen's testimony,

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**AND DISMISSING MOTIONS TO TRANSFER**

Valenteen's refusal to identify the staff member who allegedly "gave" him the glue, and the fact that the commissary only sold glue sticks, not bottles of glue. Because these facts amount to some evidence, they are sufficient to support the DHO's disciplinary decision and the Court cannot overturn it.

Valenteen's claims that he suffered extreme sanctions also are without merit. The BOP is responsible for administering the federal prison system and, therefore, has the authority to discipline prisoners. 18 U.S.C. § 4042(a)(1)-(3). Consequently, the BOP has developed rules for inmate discipline. See 28 C.F.R. § 541.10 et seq. The sanctions imposed on Valenteen fall within the sanctions authorized by 28 C.F.R. § 541.13 and this Court will not disturb the correct and orderly operation of the BOP.

**B.**

Valenteen's motions to transfer and stay retaliatory transfer challenge his conditions of confinement, that is, they challenge his security level and facility designation. They do not, therefore, raise a claim under § 2241 challenging the invalidity or duration of his confinement. Moreover, the proper vehicle for raising these challenges is pursuant to 42 U.S.C. § 1983 as a civil

**VALENTEEN V. DRIVER** 1:08CV89

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING MOTIONS TO TRANSFER**

rights action. See Wilkinson v. Dotson, 544 U.S. 74, 82 (2005); Preiser, 411 U.S. at 500.

### V. CONCLUSION

For the reasons stated above, the Court **ADOPTS** the R&R and **GRANTS** respondent's Motion to Dismiss and **DENIES** and **DISMISSES WITH PREJUDICE** the petitioner's § 2241 petition. The Court also **DISMISSES WITHOUT PREJUDICE** the petitioner's May 1, 2008 Motion to Transfer (dkt no. 8), his July 31, 2008 Motion to Stay Transfer (dkt. no. 17), and his October 7, 2008 Motion to Transfer (dkt. no. 21) for lack of jurisdiction.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to the pro se petitioner, by certified mail, return receipt requested.

DATED: February 6, 2009.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE